# S92A1119. THE STATE v. MAYWEATHER.

### (425 SE2d 659)

FLETCHER, Justice.

During jury selection in James Mayweather's trial, the state requested that the trial court require, in accordance with *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the defense to provide race neutral reasons for having excused the first six jurors of one race. The trial court ordered Mayweather to do so. Defense counsel presented a brief response as to one of the six jurors at issue, did not attempt to articulate reasons for any of the other six jurors, and eventually admitted that he did not have racially neutral reasons for any of the six.

The trial court denied the state's motion to have the six jurors at issue placed on the jury. When jury selection was completed but before the jury that had been selected was sworn, the state moved for a mistrial. The trial court denied the motion and certified, for immediate review, its refusal to reseat the six jurors.

We granted the state's application for leave to appeal to consider the trial court's decision in light of the majority opinion in *State v. McCollum*, 261 Ga. 473 (405 SE2d 688) (1991) which was then pending before the United States Supreme Court upon that court's grant of a writ of certiorari to this court. While the present case was pending in this court, the United States Supreme Court decided *Georgia v. McCollum*, 505 U. S. _____ (112 SC 2348, 120 LE2d 33) (1992) reversing this court's majority opinion in *McCollum*, supra, and holding:

> [T]he Constitution [of the United States] prohibits a criminal defendant from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges.

The parties now acknowledge that both the state and defendants in criminal actions are constrained to exercise their peremptory challenges in a racially neutral fashion. As a result, the only issue that remains for decision is how the present case should proceed. Because all of the events that occurred here took place prior to the United States Supreme Court's decision in *Georgia v. McCollum*, supra, and because the jury that had been selected had not yet been sworn, we remand the case to the trial court with directions that the jury selection process begin anew, that the jury be selected from a completely new venire, and that selection be conducted in a manner consistent with *Georgia v. McCollum*, supra.

*Judgment reversed and remanded with directions. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 12, 1993.

*Joseph H. Briley, District Attorney, Gary C. McCorvey, Assistant District Attorney,* for appellant.
*Clifton Boone, Roosevelt Warren,* for appellee.
*Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General,* amicus curiae.