A94A0590. RYALS v. THE STATE.
(449 SE2d 865)

BEASLEY, Presiding Judge.

Ryals appeals his conviction for driving under the influence of marijuana in violation of OCGA § 40-6-391 (a) (5). He was operating an 18-wheel tractor-trailer rig when it collided with a small passenger

vehicle. Because of the serious nature of the collision, the drivers were required to provide blood and urine specimens. Ryals' specimens revealed the presence of marijuana metabolites in the range of 50 to 100 milligrams. He claimed that any marijuana in his system was due to repeated and unintentional inhalation of marijuana smoke produced by others in the course of his employment. The State's expert testified that it was not possible for a person to have registered Ryals' concentration of the drug from second-hand smoke.

Challenged are the denial of a motion to quash, a motion for directed verdict of acquittal, and the trial court's refusal to give certain instruction to the jury. The common basis of each challenge is Ryals' contention that OCGA § 40-6-391 (a) (5) impliedly requires proof that a person is a less safe driver in that the driving has been impaired by the drug ingestion, and that because such requirement is not an express element, the statute facially and as applied violates the State and Federal Constitutions as being void for vagueness, impermissibly burden-shifting, and offensive to due process.

1. We do not address the constitutional challenge, but it provides no basis for reversal. This case was transferred to the Supreme Court because appellant attacked the constitutionality of the statute. See the exclusive appellate jurisdiction of the Supreme Court in 1983 Ga. Const., Art. VI, Sec. VI, Par. II. The Supreme Court returned the case. " 'The transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised or, if so raised, that it was not meritorious.' [Cit.]" *Stephens v. Ivey*, 212 Ga. App. 407 (1) (442 SE2d 248) (1994), citing *Krause v. Vance*, 207 Ga. App. 615, 622 (19) (428 SE2d 595) (1993). See also *Pruitt v. State*, 203 Ga. App. 125, 127 (3) (416 SE2d 524) (1992).

2. OCGA § 40-6-391 (a) (5) neither expressly nor impliedly includes less safe or impaired driving as an element.

*Kerr v. State*, 205 Ga. App. 624 (423 SE2d 276) (1992), relied on by appellant Ryals, is inapposite. First, that case involved a violation of OCGA § 40-6-391 (a) (3), which carries the express requirement that the person be under the influence to the extent that it is less safe for the person to drive. It is true that there is language in the opinion to the effect that in order "to convict under all subsections of section (a) except subsection (4)" it must be proven that "the alcohol and/or drugs ingested adversely affect one's ability to drive." See *Kerr* at 627 (3). This does not aid Ryals because *Kerr* was decided under the version of OCGA § 40-6-391 in effect prior to January 1, 1991 (Kerr's offenses occurred April 14, 1990). At that time, the DUI statute did not expressly make criminal the conduct that is now proscribed by added subsection (a) (5).

The legislature has determined the public policy to be that driv-

ing with any amount of marijuana or a controlled substance (as defined in OCGA § 16-13-21) in one's blood or urine or both is a criminal act, without the necessity of showing that the presence of such substance or substances impaired the person's driving ability. In this regard it is similar to the subsection (4) method of proving the crime, which likewise does not require proof that the person was a less safe driver because of the presence of the substance. The Supreme Court of Georgia approved that subsection, without such an element, in *Lester v. State*, 253 Ga. 235, 237 (2 & 3) (320 SE2d 142) (1984). Subsection (a) (4) merely requires a higher minimum level of alcohol (0.10 grams concentration) than subsection (a) (5) requires of marijuana or a controlled substance ("any amount").

The difference between subsection (a) (2) ("Under the influence of any drug to the extent that it is less safe for the person to drive") and subsection (a) (4) is a matter of proof. If there is evidence of presence in blood or urine, subsection (a) (4) is satisfied. If there is not such evidence, then the State must charge and prove the lessened ability to drive.

Ryals' conviction for violation of OCGA § 40-6-391 (a) (5) is affirmed.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED OCTOBER 6, 1994 —
RECONSIDERATION DENIED OCTOBER 26, 1994 —

*Alan M. Alexander, Jr., Dave M. Hudgins*, for appellant.
*Kenneth W. Mauldin, Solicitor, Verda M. Andrews, Assistant Solicitor*, for appellee.