## A94A1421. COVIN v. THE STATE.
(449 SE2d 550)

RUFFIN, Judge.

The appellant, Tommy Lee Covin, was convicted of burglary of the Leesburg City Hall. His sole contention on appeal concerns the trial court's denial of his challenge to the State's exercise of its peremptory strikes pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

The State exercised four of six peremptory strikes to exclude black jurors. The prosecutor explained that the reasons for striking three of the jurors in question included lack of intelligence, relationship to the appellant, or long-time acquaintance with the appellant. The appellant does not contest the legitimacy of the State's explanations for those three strikes.

However, the appellant attacks the sufficiency of the State's explanation for excluding the fourth juror. The prosecutor's reasons for this strike included (1) the fact that the juror, as the former mayor of a nearby town, was too familiar with city government; (2) the prosecutor did not feel comfortable with the juror; (3) the prosecutor preferred other jurors further down the list, which required striking others in order to reach them; and (4) the sheriff of Lee County recommended striking the juror.

The prosecutor concluded his explanation by stating that "there's something about [the juror] that just — I didn't care for. . . . All I can say, on the record or anywhere else, it's got nothing to do with race." The trial judge accepted the prosecutor's explanation, but nevertheless expressed lingering concern about the explanation, mindful of *Batson* (the *Batson* challenge), and admitted that "I don't feel like I can explain [the prosecutor's] reasons for striking him."

For reasons which follow, we reverse.

We need not concern ourselves with whether the defendant made a prima facie case below. "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant made a prima facie showing

becomes moot." *Hernandez v. New York*, 500 U. S. 352, 359 (111 SC 1859, 114 LE2d 395) (1991); *Lewis v. State*, 262 Ga. 679 (2) (424 SE2d 626) (1993). Accordingly, we need only concern ourselves with the sufficiency of the State's proffered reasons for the exercise of the peremptory challenge in question.

As we scrutinize the sufficiency of the State's reasons, we are ever mindful that "[t]he explanation 'need not rise to the level justifying exercise of a challenge for cause,' but it must be 'neutral,' 'related to the case to be tried,' and a ' "clear and reasonably specific," ' explanation of his "legitimate reasons" for exercising the challenges.' [Cit.]" *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). Also, we must be mindful that the trial judge's findings must be accorded great deference, and they cannot be reversed unless clearly erroneous. *Lingo v. State*, 263 Ga. 664 (1) (b) (437 SE2d 463) (1993). In accommodating these dual concerns, *Batson*, and to a lesser extent *Gamble*, remains the compass by which we are guided.

We will examine the State's reasons seriatim. One reason proffered by the State was that [the juror] is a former mayor of a small town in another part of Lee County. While it strains one's credulity why the State would want to strike such a juror in these circumstances, the proffered reason is racially-neutral, although its application is suspect. We defer to the trial judge's finding in this regard, and we find no *Batson* violation.

The prosecutor also stated that he was "not comfortable" with the excluded juror. We do not deem it appropriate to deal with the prosecutor's level of comfort other than to say that such is too vague, too subjective, is non-specific, is non-case related, and as such fails to meet *Batson's* requirement of " 'clear and reasonably specific.' " *Batson*, supra at 98, n. 20. See also *Gamble*, supra at 327-328. Accordingly, we hold that a prosecutor's discomfort, without more, violates the commands of *Batson* on this record.[1]

The prosecutor also proffered as a reason for exclusion that he wanted to strike the particular juror in order to get to other jurors further down the jury list. Again, while this appears to be racially-neutral, only in the context of application can we determine whether such an explanation is in fact racially-neutral.

As our Supreme Court noted in *Gamble*, " 'rubber stamp' approval of all nonracial explanations, no matter how whimsical or fanciful, would cripple *Batson's* commitment to ensure that no citizen is disqualified from jury service because of . . . race." (Citations and punctuation omitted.) Id. at 327. Moreover, there is a three-way pro-

---

[1] When the prosecutor was asked if he had a problem with "the prima faciability of this, . . ." he replied, "Judge, I — quite frankly, I have never paid close attention to the *Batson* issue. I have never agreed with the whole thing. I've always thought it was a little silly. . . ."

scription in *Batson*: " '[A] prosecutor may not strike a black juror *solely* because of his race, nor may he strike on the basis of an assumption which arises "solely from the jurors' race," nor may he strike "to exclude . . . veniremen from the petit jury on account of their race." [Cit.]' . . . [Cit.]" *Mincey v. State*, 257 Ga. 500, 502-503 (4) (360 SE2d 578) (1987). See also *Ford v. State*, 257 Ga. 661 (362 SE2d 764) (1987).

Finally, the State, through the prosecutor, offered as a reason that he struck the juror in question because the sheriff suggested it. In this regard, *Lewis v. State*, supra, is instructive: "Although the prosecuting attorney acts responsibly when he solicits or accepts input from colleagues, prosecuting witnesses, victims, and victims' family members concerning the exercise of peremptory challenges, the State does not fulfill its burden to provide racially-neutral reasons by stating that its peremptory challenges were exercised in deference to the wishes of an individual concerned about the case. In such a situation, the State must set forth a racially-neutral, case-related reason underlying the decision of the person to whom the prosecutor deferred." (Footnote omitted.) Id. at 681. Accordingly, deference to another in the instant case no more meets the commands of *Batson* than deference to another in *Lewis*.

Moreover, the record shows that the prosecutor had at least some realization that his striking of the juror was unlawful. He stated: "There is an additional reason for striking — that I struck . . . [the juror], and if memory serves, there is a case which says that ain't a good enough reason, but I did so also on the recommendation of the High Sheriff of Lee County, . . . the Sheriff suggested that . . . [the juror] would not make us a good juror. He did not go any farther [sic] than that, and *I don't know what the Sheriff's reasons were and didn't inquire into them*." (Emphasis supplied.)

Again, in deferring to the sheriff, the prosecutor stated "[the Sheriff] lives here. He knows the voters in his county. He knows the people who live in his county, and if he comes to me and says, 'You want to look real carefully at that juror,' I'm going to listen to him. If that's not good enough for the Court of Appeals or the Georgia Supreme Court, well, I'm sorry. They ought to have some experience in these smaller, rural counties." The trial judge stated, "I have to agree with you. I think a number of the people who practice in rural counties agree that the Court of Appeals and [the] Supreme Court on *Batson* do not take into consideration the realities of trial work. However, that is not for me to determine. It's been determined by the Court of Appeals and I'm bound by it. However, I will allow the Court of Appeals to review this case, and if they want to reverse it, that's fine. . . ."

We can understand the trial judge's frustration with a principle

of law that is as controversial as *Batson*. However, irrespective of frustration, disagreement or the like, the commands of *Batson* are binding on the trial court as well as this court. Accordingly, the trial judge cannot abdicate his responsibility irrespective of his private views, his frustration or his disagreements.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 20, 1994.

*W. McCall Calhoun, Jr.,* for appellant.

*John R. Parks, District Attorney, Richard E. Nettum, Assistant District Attorney,* for appellee.