A95A0695. EVANS v. THE STATE.

(458 SE2d 665)

RUFFIN, Judge.

Deon Evans was tried and convicted of violating the Georgia Controlled Substances Act. He appeals the judgment of conviction following the denial of his motion for new trial.

1. Evans, who is black, contends the trial court erred in seating juror number seven, a white female, after his attorney articulated a reasonable race-neutral reason for striking the juror. We agree with Evans and reverse.

The record shows that Evans's attorney used a peremptory strike for juror number seven and the State made a "reverse *Batson*"[1] (*Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986)) challenge. Evans's attorney responded that his reason for striking the juror was race-neutral and that he used the strike in order to get to individuals at the bottom of the jury list whom he thought would make good jurors.

In *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987), our Supreme Court held that "[t]he explanation for striking each . . . juror must be evaluated in light of the explanations offered for the . . . other peremptory strikes. . . ." Similarly, this court has held that although striking a particular juror in order to get to other jurors further down the list appears to be a race-neutral explanation, "only in the context of application can we determine whether such an explanation is in fact racially-neutral." *Covin v. State*, 215 Ga. App. 3, 4 (449 SE2d 550) (1994).

Thus, we examine the context in which the defense attorney attempted to strike juror number seven. The record shows that the attorney had already seated three black jurors and struck two white jurors. However, the court ruled and the State concedes that the

---

[1] In *State v. Mayweather*, 262 Ga. 727 (425 SE2d 659) (1993), the Georgia Supreme Court adopted the United States Supreme Court's ruling that criminal defendants are likewise "prohibited from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges." Id.

articulated reasons for striking the two white jurors — both jurors had been on the opposite side of the attorney in prior litigation — were race-neutral. In addition, immediately prior to striking juror number seven, the defense seated juror number six, a white female.

Evans's attorney explained that he struck juror number seven in order "to get to people at the bottom of the list that I think will be good jurors. And that causes me to exercise strikes early on. . . . It has nothing to do with the woman's race. I just sat a woman of approximately the same age and precisely the same race. . . ." In addition, the court later noted the defense had indicated that the two jurors further down on the list whom it wanted to reach were a white female and a black male.

Evans's attorney further stated that he might not have been forced to strike the juror if the court had opted to pass the jury list back and forth between the parties as is done in civil trials rather than requiring action on the jurors in the sequence they appeared on the jury list. That way, the parties could exercise their strikes randomly rather than being forced to exercise strikes in the order the names appeared on the list. It is not necessary to address the order in which jurors in criminal cases must be considered and struck inasmuch as it appears that Evans's reason for striking juror number seven was sufficient and that the trial court erred in ruling otherwise.

As we scrutinize the sufficiency of the reason offered by the attorney and the context in which the strike occurred, "we are [also] mindful that the explanation need not rise to the level justifying exercise of a challenge for cause, but it must be neutral, related to the case to be tried, and a clear and reasonably specific explanation of [the attorney's] legitimate reasons for exercising the challenges." (Citations and punctuation omitted.) *Covin,* supra at 4.

We find that defense counsel's explanation met all three of these criteria, but more importantly, viewed in context, the explanation was in fact race-neutral: The attorney had unquestionably race-neutral reasons for his prior strikes (see *Gamble,* supra), had just seated a white juror and was attempting to reach both a black and a white juror at the bottom of the list. Thus, we find that in the context of application, the attorney's proffered desire to get to other jurors was reasonable and race-neutral. Accordingly, under these particular facts, it was error for the trial court to seat juror number seven.

2. Given our holding in Division 1, we need not address Evans's remaining enumeration of error.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MAY 16, 1995 —
RECONSIDERATION DENIED JUNE 13, 1995 —

*Lawrence & Ford, Francis N. Ford,* for appellant.
*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney,* for appellee.