## A95A0966. CRUTCHFIELD v. THE STATE.
(461 SE2d 555)

McMurray, Presiding Judge.

Defendant was charged in an indictment with possession of cocaine with intent to distribute and also with possession of a firearm by a convicted felon. The evidence adduced at his jury trial showed that defendant was arrested at his home during the execution of a search warrant, issued after defendant sold crack cocaine to an undercover officer. Therein, police found a small plastic bottle containing 3.8 grams of crack cocaine stowed in a roll of toilet paper, "[a] foot maybe . . ." from where defendant was standing. After being cautioned of his rights, defendant was asked if he had "any other illicit substances on the premises. . . ." He replied, "No, that's all right there." A marked $20 bill used to buy cocaine from defendant also was found "mixed in with some other currency inside [defendant's] wallet."

An order of nolle prosequi was entered on the weapon charge and the jury found defendant guilty of possession of crack cocaine with intent to distribute. This appeal followed the denial of his motion for new trial. *Held*:

1. In his 20th and 21st enumerations, defendant challenges the constitutionality of his mandatory life sentence imposed under OCGA § 16-13-30 (d). The argument that this Code section violates his rights as protected by due process and equal protection is without merit. *Cantrell v. State*, 217 Ga. App. 641, 642 (2) (459 SE2d 564). Defendant also renews the argument made in his amended motion for new trial, i.e., that "the mandatory life sentence provisions of [OCGA § 16-13-30 (d)] violate the proportionality and rationality requirements of the Eighth Amendment to the United States Constitution and the Constitution of Georgia. . . ." The transfer of this appeal by the Supreme Court of Georgia to the Court of Appeals of Georgia is tantamount to a ruling that the mandatory life sentence for recidivist drug sellers is not excessive or disproportionate within the meaning of the Eighth Amendment to the United States Constitution or Art. I, Sec. I, Par. XVII of the Georgia Constitution of 1983. See *Ryals v. State*, 215 Ga. App. 51, 52 (1) (449 SE2d 865). Consequently, defendant's 21st enumeration also is without merit.

2. The trial court did not err in admitting into evidence the marked $20 discovered in defendant's wallet at the time of his arrest, even though defendant's character may have incidentally been placed in issue. *Hutson v. State*, 216 Ga. App. 100, 101 (5) (453 SE2d 130).

Evidence of defendant's prior convictions for the sale of cocaine was properly admitted to corroborate proof of his intent to distribute as alleged in the indictment. *Cole v. State*, 216 Ga. App. 68, 70 (1) (453 SE2d 495); *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148). The evidence is sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of possessing cocaine with the intent to distribute as alleged in Count 1 of the indictment. *Whitfield v. State*, 217 Ga. App. 402, 404 (3) (457 SE2d 682); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. In his sixth, seventh, and eighth enumerations, defendant contends the trial court erred in ruling that defense counsel's peremptory challenges were not racially neutral. We agree.

The transcript of voir dire shows that the State's Attorney, invoking *State v. Mayweather*, 262 Ga. 727 (425 SE2d 659), objected after defense counsel used all six peremptory challenges to strike white venire from the petit jury. In response to defense counsel's explanations, the trial court reseated as jurors three venire struck by the defense after determining that the reasons given were not race neutral, under the following circumstances: "[DEFENSE COUNSEL]: [The first challenged white female is] a nurse and I'm afraid that because this is a drug case, the fact that she is a nurse she works with drugs, et cetera and knows what they do to people in the hospital and we did not want her to serve on the jury. [THE COURT]: I don't recall that being established on voir dire. [DEFENSE COUNSEL]: That she is a nurse? [THE COURT]: No, that she would know what drugs do to you. [DEFENSE COUNSEL]: Well, no, but, I mean, we are assuming I think we can extrapolate from what we are told. She is an R.N. and works for Newton General Hospital. [THE COURT]: Do you want to be heard on that? [STATE'S ATTORNEY]: Your Honor, we don't think that's a race neutral reason. If she knew that, but if she is just guessing or extrapolating from that, we would object. [THE COURT]: I agree. [This challenged juror] will go back on the panel — will go on the jury."

The second and third venire struck by the defense were reseated after the following transpired: "[DEFENSE COUNSEL]: I was aided by Mr. Nolan in my jury selection and he knows [a particular venireman] personally and feels that she is very pro law enforcement and would not be sensitive to any criminal defendant of any race and that's why she was struck. [THE COURT]: Do you want to be heard? [STATE'S ATTORNEY]: Your Honor, that's an opinion as to her disposition. It's not a fact of her background or experience or anything we know of. [THE COURT]: I agree. It's not race neutral. [This challenged juror] will go back on the jury. . . . Defendant's strike four was . . . a white female. State your race neutral reason. [DEFENSE COUNSEL]: We don't have anything in particular about

[this one], Your Honor. [THE COURT]: Do you want to be heard? [STATE'S ATTORNEY]: We object to her being struck. [THE COURT]: [This challenged juror] goes on."

"[O]nce the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. Hernandez v. New York, 500 U. S. 352, 358-359 (1991) (plurality opinion); [cit.]; [cit.] The second step of this process does not demand an explanation that is persuasive, or even plausible. 'At this (second) step of the inquiry, the [sole] issue is the facial validity of the [proponent's] explanation. Unless a discriminatory intent is inherent in the [proponent's] explanation, the reason offered will be deemed race neutral. [Cit.]" *Purkett v. Elem*, \_\_\_\_ U. S. \_\_\_\_ (115 SC 1769, 131 LE2d 834). See also *Staples v. State*, 209 Ga. App. 802 (1), 803 (434 SE2d 757). "As we scrutinize the sufficiency of the reason offered by the attorney and the context in which the strike occurred, we are also mindful that the explanation need not rise to the level justifying exercise of a challenge for cause, but it must be neutral, related to the case to be tried, and a clear and reasonably specific explanation of the attorney's legitimate reasons for exercising the challenges." (Citation and punctuation omitted.) *Evans v. State*, 217 Ga. App. 589, 590 (1) (458 SE2d 665). Accordingly, "a peremptory strike will not be found to be impermissible simply because it was exercised from 'mistake, or from ignorance, or from idiosyncrasy.' *Gamble v. State*, 257 Ga. 325 (2), 326 (357 SE2d 792). In the case sub judice, although [defense counsel's stated] concern[s] over . . . white female [venire] 'may have been the result of [defense counsel's] "mistake," "ignorance," or "idiosyncrasy," [these stated concerns were] certainly racially-neutral.' *Lewis v. State*, 264 Ga. 101, 103 (440 SE2d 664)." *Ellerbee v. State*, 215 Ga. App. 102, 106 (9), 107 (449 SE2d 874). The trial court erred in concluding otherwise and a new trial is demanded. *Evans v. State*, 217 Ga. App. 589, 590 (1), supra. See also *Covin v. State*, 215 Ga. App. 3, 6 (449 SE2d 550).

4. The remaining enumerations have been considered and are found to be without merit or else to present circumstances unlikely to recur upon any retrial.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 17, 1995 — ▆▆▆▆▆▆▆

*Brenda H. Trammell*, for appellant.

*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Paul L. Groth, Assistant District Attorneys*, for appellee.