## A00A2466. MEDINA v. THE STATE.
### (545 SE2d 366)

MILLER, Judge.

Carlos Medina, also known as Pedro Contes, was tried before a jury and found guilty of armed robbery, kidnapping, giving a false name to a law enforcement officer, and misdemeanor obstruction of a law enforcement officer. On appeal, he contends the trial court erred in overruling his challenge to the State's use of peremptory challenges and in refusing to permit a defense exhibit to go out with the jury. We affirm.

1. In two related enumerations, Medina contends the trial court erred procedurally and substantively in evaluating his *Batson*[1] challenge.

(a) *Procedure*. To evaluate claims that peremptory challenges were used in a racially discriminatory manner, the trial court must undertake a three-step process:

The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of produc-

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

tion shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent. The ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.[2]

Medina first contends the trial court impermissibly "collapsed the second and third steps of the analysis." Specifically, Medina argues the trial court must accept or not accept the reasons provided by the State as race-neutral before moving onto step three, deciding whether the opponent has proven discriminatory intent. Neither the record nor the law supports this claim.

After the State used one of its six peremptory challenges to remove the only venireman of apparent Hispanic heritage, Medina interposed his *Batson* challenge. The State's Attorney stated her reasons for the record,[3] whereupon the court invited Medina's response, stating: "Counsel, the State's announced a reason. As long as those are neutral reasons, it's not necessarily unconstitutional and selection could be allowed by the Court. . . ." Medina then argued that the State's reasons for striking this potential juror were pretextual because they were not applied to other venire, purportedly similarly situated. The State's Attorney noted she had actually struck one such similar venireman and then distinguished the circumstances of the accepted venire from those of the excused Hispanic juror. After further discussion, the court overruled Medina's motion and allowed the peremptory strike to stand.

Medina incorrectly argues that the trial court must expressly accept or reject the proponent's (here, the State's) reasons as race-neutral before deciding whether the opponent proved racial motivation in the use of a peremptory strike. On the contrary, "[u]nless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race[-]neutral."[4] Here, the court's determination that the proponent's proffered reasons were race-neutral is implicit in the court's solicitation of the opponent's arguments why those reasons are not persuasive. There was no procedural error in the court's analysis of Medina's *Batson* challenge.

---

[2] (Punctuation and footnotes omitted.) *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

[3] This potential juror was a young student without ties to the community.

[4] (Citation and punctuation omitted.) *Jackson v. State*, 265 Ga. 897, 898 (463 SE2d 699) (1995). What *Jackson* and *Chandler*, supra, 266 Ga. at 510, forbid is the court's making a credibility determination as to the persuasiveness of the facially neutral reason in step two, as this shifts the burden of proof away from the opponent of the strike.

(b) *Substantive Ruling*. Relying on *Chunn v. State*,[5] Medina argues the prosecution failed to show how its reasons were case-related. We disagree.

Although explanations for peremptory strikes must be reasonably case-specific,[6] we have not required the proponent of the strike to draw a direct link between the characteristic of the juror that prompted the strike and the particular facts of the case.[7] The stated reasons for striking the only venireman of Hispanic descent were that he was a young man, 22 years old, and a student who has held only part-time jobs and who had few ties to the community in Gwinnett County. The State's Attorney specifically stated, "I don't put people on that are that young. . . ." The race-neutral reason for striking young students with few ties to the community is case-related and reasonably specific.[8] It remained the burden of Medina as the opponent to disprove these assertions or persuade the trial judge that they were pretextual. "The trial court's findings concerning whether the opponent of the strike has carried the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous."[9] Based on this record, we cannot say the trial court clearly erred in ruling that Medina failed to carry his burden of proof.[10]

2. During cross-examination, Medina was permitted to confront the victim with a certified copy of the victim's subsequent indictment for theft by taking, which basically accused the victim of converting the night deposit and petty cash from his employer. The witness admitted the charge was pending while denying the truth of the charge. Counsel was permitted to refer to those pending charges in closing argument. But the trial court refused to permit the indictment to go to the jury room with the rest of the exhibits, making analogy to the "continuing witness" objection. This evidentiary ruling is Medina's third enumeration of error.

> [T]he Confrontation Clause of the Sixth Amendment, as applicable to the [S]tates through the Due Process Clause of the Fourteenth Amendment, [guarantees] the defendant in a criminal trial both the general right to cross-examine wit-

---

[5] 210 Ga. App. 209, 210-211 (2) (435 SE2d 728) (1993). In *Chunn*, which antedates the latest Supreme Court rulings on peremptory strikes, this Court remanded for a post-trial hearing, where the State gave facially neutral reasons for striking three students and a Marine of defendant's race without showing how those concerns were case-related.

[6] See *Crutchfield v. State*, 218 Ga. App. 360, 362 (3) (461 SE2d 555) (1995).

[7] *Jones v. State*, 240 Ga. App. 339, 342 (1) (523 SE2d 402) (1999).

[8] See *Herrin v. State*, 221 Ga. App. 356, 359 (471 SE2d 297) (1996) (in cruelty to children prosecution, prosecutor's use of marital status and having children were legitimate factors for excluding potential juror).

[9] (Citation omitted.) *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

[10] Id. at 153 (2).

nesses against him and the more specific right to cross-examine a key [S]tate's witness concerning pending criminal charges against the witness.[11]

Nevertheless, an indictment generally is not a competent method for impeaching a witness.[12] So where the defendant fails to prove either that there has been a deal between the witness and the prosecution or that the witness has a hope of such a deal, it is not error for the trial court to refuse to allow the criminal defendant to attempt impeachment of a witness for the State with impermissible character evidence.[13]

Here, the witness disavowed cooperating with the police in exchange for any plea bargain with sentence or charge leniency, as would arguably be relevant cross-examination.[14] The admission or exclusion of evidence after a relevancy objection is committed to the sound legal discretion of the presiding judge, whose decision will not be disturbed on appeal absent a clear abuse of that discretion.[15] In our view, the trial court did not manifestly abuse its discretion in excluding the document from the jury's deliberations, since the indictment could not add to the truth of the charge admittedly pending against the witness.[16]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001 — ■

*Anna Blitz*, for appellant.
*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.

---

[11] *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). Accord *Byrd v. State*, 262 Ga. 426, 427 (2) (420 SE2d 748) (1992).

[12] *Syfrett v. State*, 210 Ga. App. 185, 187 (4) (435 SE2d 470) (1993).

[13] *Johnson v. State*, 244 Ga. App. 128, 132 (1) (534 SE2d 480) (2000).

[14] See *Belins v. State*, 210 Ga. App. 259, 261 (2) (435 SE2d 675) (1993) (impeachment evidence showing bias or interest on the part of a key prosecution witness falls within the rule of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)).

[15] *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). Accord *Conyers v. State*, 234 Ga. App. 830, 832 (1) (507 SE2d 842) (1998).

[16] See *James v. State*, 270 Ga. 675, 677-678 (6) (513 SE2d 207) (1999).