A09A1576. ADAMS v. THE STATE.

(685 SE2d 402)

MILLER, Chief Judge.

A jury convicted Marcus Julius Adams of one count of armed robbery (OCGA § 16-8-41) and one count of possession of a firearm

during the commission of a crime (OCGA § 16-11-106). Adams appeals, contending that the trial court erred in overruling his *Batson* challenge to the State's peremptory strikes of two African-American jurors. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that on July 21, 2005, Joseph Reid entered a service station convenience store located in West Point. Reid pointed a handgun at the cashier, demanded the cash in the register, and fled from the scene in a vehicle which the cashier recognized as having been driven by Adams when he purchased gas at the station in the past. In the investigation which followed, a DNA sample voluntarily given by Reid revealed that he had been present at the scene. Other evidence showed that Adams was driving the car after the robbery. Both Adams and Reid were thereafter seen wiping down the areas of the vehicle which they might have touched with their hands. And they then got into the trunk of the vehicle and had Adams' girlfriend drive them to her home in Lanett. Their arrests followed. Reid pled guilty to the offense of armed robbery, and, at trial, gave testimony against Adams.

Adams contends that the trial court erred in overruling his *Batson* challenge to the State's peremptory strikes of Juror Nos. 23 and 24, two African-Americans, to reach Juror Nos. 25, 26, and 28 who were white.[1] Inasmuch as Adams failed to meet his burden to show that the jurors' excusals were for a racially discriminatory purpose, no *Batson* error resulted.

> The United States Supreme Court in *Purkett v. Elem*(, 514 U. S. 765, 767-769 (115 SC 1769, 131 LE2d 834) (1995),) established a three-step test for evaluating challenges to peremptory strikes on *Batson* grounds. First, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination. Second, the burden of production then shifts to the proponent of the strike to give a race-neutral reason for the strike. Third, after hearing from the opponent of the strike and considering the totality of the circumstances, the trial court then decides whether the

---

[1] By his appellate brief, Adams also appears to argue that the trial court erred in overruling his *Batson* challenge as to Juror No. 30. The record shows, however, that such challenge was limited to Juror Nos. 25, 26, and 28. Inasmuch as there was no ruling below as to Juror No. 30, such issue is waived on appeal. *Carroll v. State*, 255 Ga. App. 230, 232 (3) (564 SE2d 833) (2002). Even were it otherwise, the prosecutor's explanation that she struck Juror No. 30 upon the suggestion of a police officer is not error where, as here, there is no showing that the officer had an interest in the outcome of the trial. *Covin v. State*, 215 Ga. App. 3, 5 (449 SE2d 550) (1994).

opponent of the strike carried his burden of proving discriminatory intent in fact motivated the strike.

(Citation and footnote omitted.) *Boone v. State*, 293 Ga. App. 654, 659 (4) (667 SE2d 880) (2008). While striking a particular juror in order to get to other jurors further down the list on its face appears to be a race-neutral explanation, "only in the context of application can we determine whether such an explanation is in fact racially-neutral." *Covin v. State*, 215 Ga. App. 3, 4 (449 SE2d 550) (1994). In this regard, we bear in mind that the trial judge's findings must be accorded great deference, and they cannot be reversed unless clearly erroneous. *Lingo v. State*, 263 Ga. 664 (1) (b) (437 SE2d 463) (1993).

Inasmuch as the trial court found that Adams made a prima facie case below, our analysis extends only to the sufficiency of the State's proffered reasons for the exercise of the peremptory strikes in issue. See *Hernandez v. New York*, 500 U. S. 352, 359 (111 SC 1859, 114 LE2d 395) (1991) ("Once a prosecutor has offered a race-neutral explanation for [a] peremptory challenge[ ] and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot."); see also *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993).

Here, there is no dispute that the prosecutor peremptorily struck African-American Juror Nos. 23 and 24 in order to reach Juror Nos. 25 and 26 who were white. The prosecutor explained that she wanted Juror No. 25 because she knew that he had a brother who worked for the sheriff's department and thought he would be a "law-abiding juror." As to Juror No. 26, a retired registered nurse, the prosecutor explained that as an older and more established individual she would make a good State's juror. Finally, the prosecutor explained that she selected Juror No. 28 because, although young, the juror was a graduate student, in business, and married to a man with a responsible job. Other evidence before the trial court showed that three African-Americans were seated as members of the jury. Nine African-Americans had been members of the venire of thirty. No improper discriminatory intent is revealed where, as here, 25 percent of the actual jury seated was African-American as compared to a venire which was 30 percent African-American. Further, the prosecutor made it clear that there had been no purposeful discrimination but "understood if [the trial court had] to make an adjustment" to foreclose any appearance of impropriety.

Given the foregoing, the trial court's denial of the *Batson* motion at issue was not error. *Covin*, supra, 215 Ga. App. at 4; *Lingo*, supra, 264 Ga. at 664 (1) (b).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 8, 2009 —
RECONSIDERATION DENIED OCTOBER 27, 2009 

*Jon C. Rhoades*, for appellant.
*Peter J. Skandalakis, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.