## S91A1595. THE STATE v. CARR.
### (413 SE2d 192)

PER CURIAM.
Willie J. Carr, a black man, was indicted for drug-related offenses. In striking the jury to try his case, Carr used 15 peremptory strikes to remove 15 white persons from the jury panel. The state used two peremptory strikes to remove two black persons from the panel. The jury selected to try Carr's case consisted of 11 black persons and one Hispanic person.

The state then moved under *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), to require the defendant to articulate race-neutral grounds for striking all white persons from the jury. The trial court denied this motion, and we granted the state's application for interlocutory appeal.

Subsequently this court decided *State v. McCollum,* 261 Ga. 473 (405 SE2d 688) (1991), in which we declined to prohibit a criminal defendant from exercising peremptory challenges to jurors on the basis of race. Because *McCollum* controls the case before us, the judgment of the trial court is affirmed.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., and Bell, J., concur; Fletcher, J., concurs specially; Hunt and Benham, JJ., dissent.*

FLETCHER, Justice, concurring specially.
In *State v. McCollum,* 261 Ga. 473 (405 SE2d 688), cert. granted, (112 SC 370) (1991), a majority of this court refused to apply the United States Supreme Court's decision in *Edmonson v. Leesville Concrete Co.,* ____ U. S. ____ (111 SC 2077, 114 LE2d 660) (1991) to defendants in criminal actions. *Edmonson* held that the process of jury selection in civil actions constitutes state action and, consequently, that the equal protection component of the Fifth Amendment's Due Process Clause prohibits both parties in a civil action from exercising their peremptory jury strikes in a racially discriminatory manner.

The United States Supreme Court has subsequently granted the State of Georgia's application for a writ of certiorari in *McCollum.* Because that writ was issued to decide the very question that is

presented by the present action, I concur specially to the majority's decision in order to preserve the status quo pending the United States Supreme Court's decision in *McCollum.*[1]

BENHAM, Justice, dissenting.

For the reasons outlined in my dissent in *State v. McCollum*, 261 Ga. 473 (405 SE2d 688) (1991), I respectfully dissent.

DECIDED FEBRUARY 6, 1992.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney,* for appellant.

*Maloy & Jenkins, W. Bruce Maloy, Mary E. Erickson, Michael J. Moses,* for appellee.

---

[1] I am of the opinion that the direction which the United States Supreme Court will choose to take in *McCollum* will be that which is set forth in my dissenting opinion in *McCollum.*