607 So.2d 321 (1992)
Larry James WILLIAMS
v.
STATE.
CR-89-429.
Court of Criminal Appeals of Alabama.
July 24, 1992.
Rehearing Denied September 18, 1992.
Certiorari Denied November 25, 1992.
William K. Delgrosso, Birmingham.
James H. Evans, Atty. Gen., and Cecil G. Brendle, Jr., Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1920015.
JAMES H. FAULKNER, Retired Justice.
This case is affirmed on the authority of Mims v. State, 591 So.2d 120 (Ala.Cr.App.), cert. denied, 591 So.2d 120 (Ala.1991).
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
PATTERSON, BOWEN, TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents with opinion.
MONTIEL, Judge, dissenting.
The majority affirms this appellant's conviction on the authority of Mims v. State, 591 So.2d 120 (Ala.Crim.App.), cert. denied, 591 So.2d 120 (Ala.1991).[1] The defendant in Mims was a co-defendant of the appellant and they, along with another co-defendant, see Maul v. State, 598 So.2d 18 (Ala. Crim.App.1992),[2] were tried jointly. Because the appellant raised the same issues as those raised in Mims, the majority relies on that case to affirm. I dissent from the majority's holding in Part III of Mims (issue II of the appellant's brief) because I believe that the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) are violated by a party's use of its peremptory strikes to systematically remove males from the jury. This is consistent with my views "that the reasoning of Batson logically extends to gender-based discrimination." See Bankhead v. State, [Ms. 6 Div. 370, February 28, 1992], ___ So.2d ___ (Ala.Crim.App.1992).
In the recent case of Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), the Supreme Court of the United States extended its decisions in Batson, Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and Edmondson v. Leesville Concrete Co., Inc., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) to hold that a criminal defendant may not use peremptory strikes to remove jurors on the basis of race. In his concurring opinion in McCollum, Justice Thomas stated that the Supreme Court's decision in Batson and in the decisions which have followed have
"taken us down a slope of inquiry that ha[s] no clear stopping point. Today, we decide only that white defendants may not strike black veniremen on the basis of race. Eventually, we will have to decide whether black defendants may strike white veniremen. See, e.g., State v. Carr, 261 Ga. 845, 413 S.E.2d 192 (1992). Next will come the question *322 whether defendants may exercise peremptories on the basis of sex. See, e.g. United States v. DeGross, 960 F.2d 1433 (CA9 1992)."
In DeGross, 960 F.2d at 1442, the Ninth Circuit held that
"A litigant establishes a prima facie case of purposeful discrimination first by showing that a peremptory challenge was exercised against a member of a constitutionally cognizable group. Batson, 476 U.S. at 96, 106 S.Ct. at 1723. Second, the litigant must demonstrate that this fact `and any other relevant circumstances raise an inference' that the offending party challenged the venireperson from the jury on account of their group membership. Id. The burden then shifts to the party exercising the peremptory challenge to articulate a nondiscriminatory reason related to the case at bar for challenging the venireperson."
The defendant in DeGross, was a woman. During voir dire, the prosecution objected to the defendant's use of her peremptory strikes to remove a male from the jury. At that point, the defendant had already struck seven males. The prosecution argued that this showed a pattern of striking males for nondiscriminatory reasons. The trial court agreed and required the defendant to give a nondiscriminatory reason for striking this male juror. When the defendant failed to do this, the trial court disallowed the defendant's peremptory strike of this male and he eventually served on the jury which convicted the defendant. In its decision, the Ninth Circuit held that "Males are a constitutionally cognizable group. See Craig, [v. Boren], 429 U.S. [190] at 197-99, 97 S.Ct. [451 at] 457-58 [(1976)]; Reed v. Reed, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971)." The court stated that the prosecution proved "a prima facie case of gender discrimination" and that the defendant failed to meet her burden of proving that her strike of this male was for nondiscriminatory reasons.
In the case at bar, this appellant was charged, along with two co-defendants, with raping and sodomizing the victim. On the venire, there were nineteen males initially. Two of the males were removed for cause and defense counsel struck three of the males. The State struck fourteen males, including ten in a row. This resulted in an all-woman jury. The use of peremptory strikes may not be used to exclude members of a group merely because it is assumed that members of that group cannot fairly decide a case against a member of the group in which they belong. United States v. DeGross, 913 F.2d 1417, 1422 (9th Cir.1990), vacated, 930 F.2d 695 (1991). I believe that the appellant and his co-defendants clearly established a prima facie case of gender discrimination and that the State should have been required to provide nondiscriminatory reasons for striking these male jurors. For this reason, I would remand this case to the Circuit Court for a hearing to determine whether the State can provide nondiscriminatory reasons for the use of its peremptory strikes to remove these males from the venire. Therefore, I dissent.
NOTES
[1] I was not a member of this court at the time Mims was decided.
[2] Although I was a member of the court when Maul was decided, it was not apparent from the face of the opinion of this court that the issue I now discuss was an issue in this case.