Charley King was convicted on two counts of unlawfully distributing a controlled substance. The appellant was sentenced to two 10 year concurrent terms.
 I
The appellant contends that the prosecution used four of its peremptory strikes to remove black males from the venire in violation of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He contends that the strikes were exercised against these individuals based solely on their race and gender. It is a close question as to whether the appellant preserved the gender based claim for review. In any event, there is no merit to this issue as a majority of this court has determined that gender based strikes do not violate Batson. Murphy v. State, 596 So.2d 42
(Ala.Crim.App. 1991); Bankhead v. State, [Ms. 6 Div. 370, February 28, 1992] ___ So.2d ___ (Ala.Crim.App. 1992);Williams v. State, 607 So.2d 321 (Ala.Crim.App. 1992). But see Bankhead (Bowen, J., and Montiel, J., dissenting) (Batson is applicable to gender based discrimination); Williams, (Montiel, J., dissenting) (Batson applies to the systematic exclusion of males).
Following the appellant's motion to quash the jury venire, the trial court found that the appellant had established a prima facie case of discrimination and it required the prosecutor to give reasons for the use of her peremptory strikes. The prosecutor stated that she struck all jurors who had criminal histories as indicated by the computer printout from the Alabama Criminal Justice Information Center and the National Crime Information Center. This is a legitimate race-neutral reason to strike these jurors. Cowan v.State, 579 So.2d 13 (Ala.Crim.App. 1990); Thomas v.State, 611 So.2d 416 (Ala.Crim.App. 1992). The trial court did not err by failing to grant the appellant's motion to quash the jury venire.
 II
The prosecutor told that the trial court that she struck every juror who had a criminal history according to her computer printout. The appellant contends that the prosecutor should have been required to furnish the computer printout to him. In Ex parte Thomas, 601 So.2d 56 (Ala.Crim.App. 1992), the Supreme Court reversed the defendant's conviction because the trial judge accepted "at face value the State's ostensibly facially neutral explanations for the use of its peremptory challenges, which were, with regard to three of the black veniremembers who were struck, based exclusively on information contained in the document to which only the State had access." This case is distinguishable from Thomas.
The trial court in this case examined *Page 1335 
the computer printout himself to make sure that the prosecutor struck all of the persons who had criminal histories and that the persons who were struck for this reason actually had criminal histories. Further, the trial court ordered that the portions of the computer printout which are relevant to the four jurors who were struck be included in the record. The record reflects that these jurors did, in fact, have criminal histories. Thus, we find that the trial court did not err by failing to require the prosecutor to furnish him with the computer printout.
AFFIRMED.
All the Judges concur.