## S91A1595. THE STATE v. CARR.
(427 SE2d 273)

PER CURIAM.

In *State v. Carr,* 261 Ga. 845 (413 SE2d 192) (1992), we affirmed the denial of the State's motion, made pursuant to *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), to require the defendant, an African-American, to articulate race-neutral reasons for using 15 peremptory strikes to remove 15 white persons from the jury.[1] In doing so, we relied on our decision in *State v. McCollum,* 261 Ga. 473 (405 SE2d 688) (1991).

Subsequently, the United States Supreme Court reversed *McCollum.* See *Georgia v. McCollum,* 505 U. S. ___ (112 SC 2348, 120 LE2d 33) (1992). That court also granted certiorari to *State v. Carr,* and remanded *Carr* to us to consider in light of its decision in *Georgia v. McCollum.*

In *Georgia v. McCollum,* the U. S. Supreme Court held that the

---

[1] The resulting jury consisted of eleven African-Americans and one Latino.

United States Constitution prohibits a criminal defendant from exercising his or her peremptory strikes in a purposeful, racially discriminatory manner. The Court concluded that if the State makes a prima facie showing of racial discrimination, the defendant will be required to articulate racially neutral explanations for the exercise of his or her peremptory strikes. Id., 112 SC at 2359.

We therefore vacate the judgment of this court in this case, and reverse the decision of the trial court. The case is remanded to the trial court to conduct further proceedings in a manner consistent with *Georgia v. McCollum*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 17, 1993.

*Richard A. Malone, District Attorney, W. Steven Askew, Assistant District Attorney,* for appellant.

*Maloy & Jenkins, W. Bruce Maloy, Mary Erickson, Michael J. Moses,* for appellee.