A93A0889. WILLIAMS v. THE STATE.
(436 SE2d 228)

JOHNSON, Judge.

Tommie Lee Williams was convicted of aggravated assault after beating his wife with a wooden board and a metal carpenter's level.

1. In his first enumeration of error, Williams asserts that the trial court erred in denying his motion for directed verdict of acquittal in that the State's evidence was insufficient to support a conviction. The victim, Sandra Lynn Williams, testified that after she had come home from work, she and her husband had a few drinks and began to argue. She testified that Williams became violent and began beating her with his fists, a wooden board and a metal carpenter's level. Williams refused to drive his wife to the hospital, but after stopping profuse bleeding from her face, Ms. Williams drove there herself. The doctor who treated Ms. Williams testified that she had sustained severe trauma injuries consistent with being hit with a blunt, flat object. He used photographs taken of the injuries at the hospital to describe

bruises "from her head to literally her legs." Her nose was broken in two places and she had lacerations on her face and hands some of which required sutures. He concluded his testimony noting that it was one of the worst cases he had ever seen and that had any of the blows landed differently, it could have been fatal. Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence and all reasonable deductions therefrom sufficient to enable a rational trier of fact to find the elements of aggravated assault beyond a reasonable doubt in accordance with the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Owens v. State*, 204 Ga. App. 579, 581 (3) (420 SE2d 79) (1992). The trial court did not err in denying Williams' motion for a directed verdict of acquittal.

2. The jury was given instructions on aggravated assault, the offense upon which Williams was indicted, and the lesser included offense of battery. After deliberations had begun, the jury requested a recharge on battery. The court repeated the charges on both offenses, which Williams asserts was error. "It is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry. . . ." *Heflin v. State*, 204 Ga. App. 161, 163 (2) (418 SE2d 770) (1992). We find that the trial court did not abuse its discretion in recharging the jury on all of the offenses upon which Williams could be found guilty.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 13, 1993 —
RECONSIDERATION DENIED SEPTEMBER 23, 1993

*Sonya J. Calhoun, Terry T. Everett*, for appellant.
*Edward D. Lukemire, District Attorney, A. Robert Tawse, Jr., Assistant District Attorney*, for appellee.