23964

The STATE, Respondent v. Randy David GOVAN, Appellant.

(439 S.E. (2d) 263)

Supreme Court

*Robert M. Dudek, Asst. Appellate Defender,* of *SC Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Chief Deputy Atty. Gen., Harold M. Coombs, Jr., Sr. Asst Atty. Gen., Rakale B. Smith, Staff Atty.,* Columbia, and *Sol. Thomas R. Simms,* Orangeburg, *for respondent.*

Heard Oct. 5, 1993; Decided Dec. 13, 1993.

MOORE, Justice:

Appellant was convicted of possession of crack cocaine with intent to distribute. He appeals the granting of the State's motion to strike the jury under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. (2d) 69 (1986). We affirm.

## ISSUE

Whether *Batson* applies to appellant's use of peremptory strikes.

## DISCUSSION

Appellant is a black male. He used all of his peremptory challenges to strike white jurors. Upon the State's *Batson* motion, the trial judge found appellant failed to articulate any racially neutral reasons for these strikes and struck the jury panel.

In *Georgia v. McCollum*, — U.S. —, 112 S.Ct. 2348, 120 L.Ed. (2d) 33 (1992), the United States Supreme Court held a criminal defendant may not engage in purposeful discrimination on the basis of race in the exercise of peremptory challenges. Appellant claims *McCollum* does not apply to him, however, because the defendant in that case was white.

We find no support for appellant's attempted distinction. *McCollum* speaks in broad terms:

> We hold today that the Constitution prohibits *a criminal defendant* from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges. Accordingly, if the State demonstrates a prima facie case of racial discrimination by the *defendants*, the *defendants* must articulate a racially neutral explanation for peremptory challenges.

— U.S. at —, 112 S.Ct. at 2359 (emphasis added).

The Court in *McCollum* found the racially discriminatory use of peremptory challenges violated the excluded juror's constitutional right under the Equal Protection Clause to participate in jury service. It held the exercise of peremptory strike must not be based on either the race of the juror or racial stereotypes held by the party. *Id.* Because the focus of the McCollum analysis is the juror's constitutional right, we conclude its holding applies to all criminal defendants irrespective of race. *Accord Ex parte Pilot*, 607 So. (2d) 311 (Ala. 1992) (affirming *Pilot v. State*, 607 So. (2d) 306 (Ala. Cr. App. 1992)); *State v. Carr*, 262 Ga. 893, 427 S.E. (2d) 273 (1993); *State v. Knox*, 609 So. (2d) 803 (La. 1992); *Griffin v. State*, 610 So. (2d) 354 (Miss. 1992).

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.