A95A2244. COOPER v. THE STATE.
(469 SE2d 790)

POPE, Presiding Judge.

Defendant Bernard Cooper was indicted for rape, aggravated assault and kidnapping. A jury convicted him of kidnapping, but was unable to reach a unanimous verdict on the rape and aggravated assault charges. Consequently, the trial court declared a mistrial as to those two charges. Defendant appeals his kidnapping conviction on the ground that he was denied his right to a fair and impartial jury based on the trial court's decision to disallow two of defendant's peremptory jury challenges. We reverse.

During jury selection, defendant, who is African-American, used ten of his eleven peremptory strikes to excuse white venirepersons from the jury. The State objected to these strikes on the ground that they were racially discriminatory in nature. See *Georgia v. McCollum*, 505 U. S. 42, 59 (112 SC 2348, 120 LE2d 33) (1992). The trial court determined, and defendant does not dispute, that the State made a prima facie showing of racial discrimination. Thus the trial court required defendant to articulate racially neutral reasons for the peremptory challenges. See *State v. Carr*, 262 Ga. 893 (427 SE2d 273) (1993). Defendant contends that his explanations for striking jurors Flemming and Zavakos were race-neutral, and that the trial court

erred in ruling to the contrary and seating these two jurors on the jury. We agree.

During voir dire, Flemming indicated that his adopted grandson had been convicted of a felony. Upon questioning by the State, Flemming stated that he thought that his grandson had been treated fairly by authorities, and that he could be a fair and impartial juror. In articulating reasons for excusing Flemming, defendant cited Flemming's prior family involvement with the criminal justice system. The trial court refused to accept this explanation as being racially neutral and disallowed the strike.

In articulating reasons for striking Zavakos, defendant cited Zavakos' prior service on a jury and the fact that she had looked at the prosecution in a very accepting way during questioning on voir dire. The trial court rejected defendant's explanation specifically finding that the explanation was not race-neutral.

After the opponent of a peremptory strike demonstrates a prima facie case of racial discrimination, the burden is shifted to the strike's proponent to articulate a racially neutral explanation for the strike. *Hernandez v. New York*, 500 U. S. 352, 358-359 (111 SC 1859, 114 LE2d 395) (1991). "At this step of the inquiry, the proponent of the strike is not required to enunciate 'an explanation that is persuasive, or even plausible.' *Purkett v. Elem*, [514] U. S. _____ (115 SC 1769, 131 LE2d 834) (1995). . . . Rather, a neutral explanation . . . means an explanation based on something other than the race of the juror. . . . Unless a discriminatory intent is inherent in the . . . proponent's explanation, the reason offered will be deemed race neutral. *Hernandez*, supra at 360. Furthermore, although the proponent of the strike must provide a ' "clear and reasonably specific" explanation of his "legitimate reasons" for exercising the challenges,' *Batson* [v. Kentucky, 476 U. S. 79, 98, n. 20 (106 SC 1712, 90 LE2d 69) (1986)], (citation omitted), '(w)hat is meant by a "legitimate reason" is not a reason that makes sense, but a reason that does not deny equal protection.' *Purkett*, 115 SC at 1771." (Indentation omitted.) *Jackson v. State*, 265 Ga. 897, 898-899 (463 SE2d 699) (1995).

In this case, the explanations defendant gave for striking Flemming and Zavakos were racially neutral. Flemming's prior involvement with the criminal justice system "is not a characteristic that is peculiar to any race . . ." nor is Zavakos' prior jury service or perceived partiality. *Purkett*, 115 SC at 1771. Moreover, defendant's specific neutral explanations were "related to the particular case to be tried." See *Batson*, 476 U. S. at 98. Flemming's prior involvement with the criminal justice system, whether positive or negative, could affect his impartiality as a juror at defendant's trial. So could Zavakos' prior jury service and any alleged favoritism she might demonstrate toward the prosecution. Consequently, we conclude that

the trial court erred by not accepting defendant's explanations as race-neutral.

"Assuming the trial court recognized [that defendant's] explanation[s were] facially race-neutral, but refused to accept [them] as race-neutral because it concluded that the explanation[s were] pretextual, the court misapplied *Batson* jurisprudence. Only after the opponent of a strike establishes a prima facie case of racial discrimination (step one), and the proponent thereof tenders a race-neutral explanation (step two), should the trial court evaluate the persuasiveness of the justification for exercising the strike and determine whether the opponent of the strike has carried his burden of proving purposeful discrimination (step three)." (Citation and punctuation omitted.) *Jackson*, 265 Ga. at 899. "At [step] 3, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. But to say that a trial judge *may choose to disbelieve* a silly or superstitious reason at step 3 is quite different from saying that a trial judge *must terminate* the inquiry at step 2 when the race-neutral reason is silly or superstitious. *Purkett*, 115 SC at 1771." (Punctuation and indentation omitted; emphasis in original.) Id.

Based on the holdings in *Purkett* and *Jackson*, we conclude that the trial court prematurely evaluated the persuasiveness of defendant's explanations and impermissibly placed the ultimate burden of persuasion on the proponent of the strike. Instead, "[t]he trial court should have accepted [defendant's] explanation[s] as race-neutral, then . . . determined whether the opponent of the strike, the State, had established that [defendant's] explanation[s were] motivated by discriminatory intent." Id.

In light of the above, defendant is entitled to a new trial. Id. at 900.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996.

*Emerson Carey, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Donald P. Geary, Carl P. Greenberg, Assistant District Attorneys*, for appellee.