A96A0063. LOONEY v. THE STATE.
(471 SE2d 243)

RUFFIN, Judge.

A Hall County jury convicted Larry Looney on two counts as a party to an aggravated assault under OCGA §§ 16-5-21 (a) (2) and 16-2-21, and the court sentenced him to twenty years. We affirm the conviction.

1. In three enumerations of error, Looney contends the evidence was not sufficient to support the conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence is viewed with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the ver-

dict. *Jackson*, supra at 319; *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986). In another enumeration he contends the court should have granted his motion for a directed verdict of acquittal. The same standard applies to all three enumerations. *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994); *Griffin v. State*, 212 Ga. App. 411, 412 (441 SE2d 897) (1994).

The victim was driving home in his car from a softball game with two of his daughters while his wife and other two daughters followed in a van. On a country road, they slowed behind a white Jeep driven by Looney and a green Jeep driven by an unidentified person. The victim testified that both Jeeps stopped, side by side, on the edge of the road at an intersection. The victim had pulled across the intersection and stopped to wait for his wife when Looney got out of his Jeep, stuck his face in the window of the victim's car, and said, "You can see the man's having trouble with his vehicle, can't you?" The unidentified man then pulled a baseball bat from his green Jeep and began striking at the victim's car window, spraying glass on his daughter.

The victim grabbed his own softball bat and ran after the unknown assailant, who looked at Looney and yelled, "Pull your piece," "Shoot him," and "Run him over." Looney, who had by then pulled behind the van of the victim's wife and blocked her in, "popped his clutch" and drove in the victim's direction. The victim had to jump to avoid Looney's Jeep. The victim got back into his car, and Looney followed him closely to a convenience store. His wife followed Looney, and the green Jeep followed her. When the victim and his wife pulled into the convenience store, Looney and the man in the other Jeep left together. Although Looney denied knowing the man in the other Jeep and denied the witnesses' accusations, he admitted the other man asked Looney to follow him because his Jeep was having mechanical problems.

This evidence sufficiently supports the conviction. Looney was with the unknown driver of the green Jeep before and after these crimes, and he got out of his Jeep and verbally assaulted the victim before his companion physically assaulted him. It appears both men chased the victim from the scene and then left together. "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. . . . [Cits.]" (Punctuation omitted.) *Grace v. State*, 210 Ga. App. 718 (1), 719 (437 SE2d 485) (1993). The jury also could find Looney assisted the other driver by blocking any escape route for the victim's wife and that Looney was responding to the other man's call when he drove his Jeep toward the victim. See *Moore v. State*, 216

Ga. App. 450 (1), 451 (454 SE2d 638) (1995); *Henderson v. State*, 200 Ga. App. 200 (1), 201 (407 SE2d 448) (1991).

2. Looney also contends the trial court erred by failing to instruct the jury on the State's burden of proving, beyond a reasonable doubt, that he was not legally justified in driving his Jeep toward the victim to protect the driver of the green Jeep. He correctly asserts that even without a request to charge, the trial court must instruct the jury on this specific burden. *Anderson v. State*, 262 Ga. 7, 8-9 (2) (413 SE2d 722) (1992); *Nelson v. State*, 213 Ga. App. 641, 643-644 (3) (445 SE2d 543) (1994).[1] But under the particular circumstances of this case, we find no error.

Looney's counsel submitted no written requests to charge, but requested a charge on justification at the charge conference. The trial judge read a proposed charge that fully explained the circumstances under which a person might be justified in using force "to prevent death or great bodily injury to himself or a third party or to prevent the commission of a forcible felony." The last sentence of that proposed charge, which the court later gave to the jury, read: "The State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense." After hearing this proposed charge, Looney's counsel replied, "[T]hat's the charge we ask for, your Honor."

The court's use of the narrow term "self-defense," rather than the broader term "justification," appears to be a slip of the tongue. See *Rodriguez v. State*, 211 Ga. App. 256, 257 (3) (439 SE2d 510) (1993). Under the circumstances, the court's reference to justification as "self-defense," in light of the immediately preceding discussion of one's right to defend "himself or a third party," likely did not mislead the jury and constituted harmless error. *Gober v. State*, 247 Ga. 652, 655-656 (3) (278 SE2d 386) (1981); *Rodriguez*, 211 Ga. App. at 258 (3). The charge given substantially relates the principle in question such that a jury of average intelligence would understand the State has the burden of proving that Looney did not justifiably use force to protect himself or anyone else. See *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 115-116 (3) (460 SE2d 800) (1995).

Even if the court's error were harmful, Looney waived any right to object because his counsel specifically agreed with the trial court's proposed charge containing this exact language. This is not a case in which trial counsel failed to request the charge or in which the trial court failed to give a requested charge. "[W]e find a waiver of objection under the principle that a party may not ignore error at trial or

---

[1] Another requirement mentioned in those cases, that the court instruct the jury on its duty to acquit if it believes the defendant acted with justification, was overruled in *Coleman v. State*, 264 Ga. 253, 254 (3) (443 SE2d 626) (1994).

manufacture it." *Victorine v. State*, 264 Ga. 580, 581 (4) (a) (449 SE2d 91) (1994); *Edwards v. State*, 235 Ga. 603 (2), 604 (221 SE2d 28) (1975); *Morales v. State*, 210 Ga. App. 414, 417 (3) (436 SE2d 528) (1993).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996.

Leo E. Benton, Jr., for appellant.
*Lydia J. Sartain, District Attorney, Lucy K. Henry, James V. Branch, Assistant District Attorneys*, for appellee.