A96A2225. THOMAS v. THE STATE.
A96A2226. WILSON v. THE STATE.
(480 SE2d 332)

BLACKBURN, Judge.

Kenya Tremaine Thomas and Jimmy Lee Wilson, Jr. appeal their convictions for armed robbery, burglary, and false imprisonment. Each asserts the evidence was insufficient to support his conviction.

Early in the morning hours of October 21, 1994, two intruders forced their way into the home of a woman after she answered a knock at her back door. Both had guns and demanded money. Although partially disguised, the victim was able to identify the intruders as Kenya Thomas and Tony Williams. Thomas searched the house for money, and the victim later found $650 missing from a drawer in her bedroom. While Thomas searched, Williams held the victim at gunpoint and forced her to the floor. The victim testified that during the incident a third individual remained on the back porch. While he never entered the residence, he told Thomas and Williams to "hurry up" and to "leave that girl alone." The victim never saw the third individual but recognized his voice as that of Wilson. The victim had known Wilson for at least two to three years and

had previously dated him.

At about this same time, a passerby heard unusual noises coming from the victim's residence, so he went to the victim's front door to investigate. Through a window he saw the victim being held at gunpoint by Thomas and Williams. When the passerby tried to enter the residence, Williams and Thomas fled out the back door. The passerby saw three men run from the back of the house. The victim then saw three men enter a waiting car which was described as burgundy in color, with tinted windows. Subsequent investigation revealed that Phyllis McDowell was the owner of a red 1980 Ford LTD. McDowell testified that, in the early morning hours of the night in question, she dropped Williams, Thomas, and Wilson off in the vicinity of the crime. She returned a short time later and picked them up. At the time she picked them up, she described the three men as acting "kind of hyper" and "excited." She testified that Tony Williams had something in his hand and quoted him as saying to the others "that was an easy one."

## Case No. A96A2225

Thomas' appeal asserts that the numerous inconsistencies between the testimony of the victim and the passerby render their testimony incapable of belief. In support of this argument, Thomas points to conflicts regarding what the passerby was able to see inside the victim's house from his vantage point on her front porch, as well as inconsistencies concerning what the victim and the passerby observed as the assailants fled.

Neither of these conflicts relates to Thomas' identification, as both the victim and the passerby positively identified Thomas as one of the assailants inside the victim's house. Additionally, "[c]onflicts in the testimony of the witnesses, including the state's witnesses, is a matter of credibility for the jury to resolve. As long as there is some evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld." (Citations omitted.) *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976). The jury resolved any inconsistencies in the evidence against Thomas. As there is competent evidence to demonstrate that the charged offenses occurred and that Thomas assisted in perpetrating each of them, the jury's verdict is affirmed.

## Case No. A96A2226

Wilson contests the sufficiency of the evidence supporting his conviction, alleging no evidence was offered demonstrating that he entered the victim's residence, robbed her, detained her, or intention-

ally assisted Thomas or Williams in any of these acts. However, pursuant to OCGA § 16-2-20, a person may be convicted of a crime if he intentionally aids or abets in the commission of the crime or intentionally advises, encourages, hires, counsels, or procures another to commit the crime. Viewing the evidence in the light most favorable to the verdict, it sufficiently supports Wilson's conviction.

Although the victim did not see Wilson, her voice identification was sufficient proof that Wilson was the party on her back porch urging Thomas and Williams to quickly finish their search for money. "The personal identity of the accused may be established by the testimony of a witness that he was familiar with the accused's voice and recognized it." (Citations and punctuation omitted.) *Head v. State*, 202 Ga. App. 209, 210 (1) (413 SE2d 533) (1991) (victim who never saw assailant was able to identify him by his voice).

In addition to the victim's voice identification of Wilson, various eyewitnesses testified that Wilson was present with Thomas and Williams near the scene of the crimes before they occurred, that Wilson fled the scene in the company of Thomas and Williams immediately after the crimes were completed, and that Wilson was acting in a suspicious manner shortly after the crimes were committed. "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Looney v. State*, 221 Ga. App. 224, 225 (471 SE2d 243) (1996). Accordingly, the evidence was sufficient to authorize a rational trier of fact to find proof of Wilson's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1997.

*Billy M. Grantham*, for appellant (case no. A96A2225).
*Ernie M. Sheffield*, for appellant (case no. A96A2226).
*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, John A. Warr, Assistant District Attorneys*, for appellee.

