BASCHAB, Judge.
The appellant, Patrick O’Neal David, was convicted of two counts of second-degree criminal possession of a forged instrument, a violation of § 13A-9-6, Ala. Code 1975. Pursuant to the Alabama Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, the trial court sentenced him to concurrent terms of 20 years and one day. This appeal followed.
The appellant argues that the trial court erred in denying his motion pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because the prosecution used six of its peremptory challenges to remove blacks from the veni-re. Before the jury was sworn, the following occurred:
“[DEFENSE COUNSEL]: We make a motion pursuant to Batson. It appears that one, two, three, four, five, six, of the prosecution’s strikes were based on race and therefore we would make a motion to declare a mistrial in this case, Your Honor.
“THE COURT: Your remedy is not a mistrial. I mean, your remedy is to challenge the individual jurors. I will get back to that in a minute. Just a minute. Okay, based upon the number of strikes, six out of eight made by the State in this case, the Court rules that the defendant has made a prima facie challenge under Batson and the burden now shifts to the State to establish a race — come forward with a race-neutral reason for each of the strikes.
“Start with — the first one, I believe is Juror Number — I am going down the list, Juror Number 3.
“[PROSECUTOR]: Yes, sir, Juror 3 indicated in voir dire he had a daughter that had been arrested for illegal possession of a credit card. He also has a conviction himself for issuing worthless checks.
“THE COURT: All right, the Court rules that the State has established a race-neutral reason for striking that juror. [Defense counsel], do you want to — you have an opportunity to show that it is pretextual, if you want any further presentation with regard to that juror.
“[DEFENSE COUNSEL]: Judge, Juror 2 had friends and relatives arrested — several friends and relatives that had been arrested and he did not strike them.
“[PROSECUTOR]: If I can respond to that, I struck everyone on the jury panel that had prior criminal convictions on their record regardless of race. Every one of my nine strikes had a prior criminal conviction.
“THE COURT: The Court overrules the Batson challenge as to Juror 3. Let’s see, the next one would be Juror Number 12.
“[PROSECUTOR]: Juror 12 has a rather extensive arrest record including several issuing worthless check cases.
“THE COURT: All right, the Court finds that that is a race-neutral reason for striking that juror. [Defense counsel], do you have anything to add on that juror?
“[DEFENSE COUNSEL]: Judge, not on that. I mean, you know, I don’t have any knowledge of any prior records. I obviously — we don’t get that information. I think Juror Number 26 was also struck.
“THE COURT: I am taking them one at a time. That was his, do you have anything further to say with regard to Juror 12?
“[DEFENSE COUNSEL]: That is ah.
. “THE COURT: The Batson challenge is overruled with regard to 12. The next one is 14.
“[PROSECUTOR]: Your Honor, Juror 14 has a prior conviction for driving under the influence of alcohol.
“THE COURT: All right, the Court finds that is a race-neutral reason for striking that juror.
*1144 “[Defense Counsel], anything further on that juror?
“[DEFENSE COUNSEL]: Judge, I feel that that is not a felony, number one, and number two, it is — this is not a DUI case, this is a possession of a forged instrument.
“THE COURT: The Batson challenge is overruled as to Juror 14. The next one is Juror 15.
“[PROSECUTOR]: [Juror 15] has a prior conviction for driving under the influence of alcohol and also indicated in voir dire she had a brother who was serving time in prison and had escaped from prison.
“THE COURT: And made headlines, I think she said.
“[PROSECUTOR]: That is correct, in the newspaper.
“THE COURT: The Court finds that is a race-neutral reason for striking Juror 15. [Defense counsel], anything to add with regard to Juror 15?
“[DEFENSE COUNSEL]: Same thing as 14, Your Honor.
“THE COURT: The Batson challenge is overruled. The next one is Juror 26.
“[PROSECUTOR]: Your Honor, Juror 26 has a prior conviction for issuing worthless checks.
“THE COURT: All right, the Court finds that is a race-neutral reason for striking that juror. [Defense counsel], do you have anything further on that one?
“[DEFENSE COUNSEL]: Judge, the only thing that — on all of these we would ask that to be able to look at all the prospective jurors’ records because we have no way of saying that any of these other people he did not strike might not have a record. We have no way of knowing that.
“THE COURT: All right, the motion is denied. The challenge to Number 26 is overruled. All right, Number 29?
“[PROSECUTOR]: Juror 29 has an extensive arrest record, Your Honor.
“THE COURT: The Court finds that is a race neutral reason for striking that juror. [Defense counsel], anything.further on Juror 29?
“[DEFENSE COUNSEL]: No.
“THE COURT: The Court overrules the Batson challenge as to Juror 29. All right, I believe that covers it. We will go back in the courtroom.”
(R. 31-35.)
“In Batson, the United States Supreme Court held that the prosecution violates equal protection when it peremptorily strikes ‘potential jurors [from the venire] solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State’s case against a black defendant.’ 476 U.S. at 89, 106 S.Ct. at 1719. After the appellant makes a timely Batson motion and establishes a prima facie showing of discrimination, the burden shifts to the state to provide a race-neutral reason for each strike of a minority venire-member. See, e.g., Ex parte Bird, 594 So.2d 676 (Ala.1991). We will reverse the circuit court’s ruling on the Batson motion only if it is ‘clearly erroneous.’ Jackson v. State, 549 So.2d 616 (Ala.Cr.App.1989).”
Cooper v. State, 611 So.2d 460, 463 (Ala.Cr.App.1992).
In support of its Batson motion, the defense argued that the prosecution used six of its eight peremptory challenges to strike black veniremembers.
“Alabama courts have recently held that even a showing that [a] party had struck a high percentage of strikes used against a minority was not alone enough. In Ex parte Trawick, 698 So.2d 162, 168 (Ala.1997), the Alabama Supreme Court held, Without more, we do not find that the number of strikes this prosecutor used to remove women from the venire is sufficient to establish a prima facie case of gender discrimination.’ ”
*1145 Armstrong v. State, 710 So.2d 531, 533 (Ala.Cr.App.1997).
“According to the record, the appellant in this case relied solely upon the fact that seven of the eight venire-members struck by the prosecutor were black. According to the Alabama Supreme Court in Ex parte Trawick as well as the United States Supreme Court’s interpretation of the burden in equal protection cases, these bare statistics were not sufficient to make a prima facie showing of discrimination.”
Armstrong, 710 So.2d at 534-35. Because the appellant relied solely upon the number of black veniremembers struck, we question whether the appellant made a prima facie showing that the prosecution exercised its peremptory challenges in a discriminatory manner. However,
“[wjhere, as in this case, the trial court requires the opposing counsel to state reasons for the peremptory strikes without first requiring that a prima facie case of discrimination be established, this Court will review those reasons and the trial court’s ultimate decision on the Batson motion without determining whether the moving party met its burden of proving a prima facie case.”
Harris v. State, 705 So.2d 542, 545 (Ala.Cr.App.1997).
The appellant argues that the prosecution should have given him information about the convictions of all prospective jurors. At trial, he argued that he needed the records because the prosecution might not have struck all the venire-members who had criminal convictions. We have consistently held that “ ‘[tjhe appellant does not have an absolute right to the disclosure of the arrest and conviction records of prospective jurors.’ ” Cooper, 611 So.2d at 465, quoting Kelley v. State, 602 So.2d 473, 477 (Ala.Cr.App.1992). Additionally, “the state has no duty to disclose information that is available to the appellant from another source.” Kelley v. State, 602 So.2d 473, 478 (Ala.Cr.App.1992). During voir dire examination, the appellant could have asked the venire-members about their criminal convictions. Therefore, the appellant did not have a right to the arrest and conviction records of the prospective jurors, and the prosecution was not required to give them to him.
The prosecution offered racially neutral reasons for its challenges. “We have held that strikes based on previous criminal charges, prosecutions, or convictions of the veniremember or a family member of the veniremember are not racially discriminatory as such.” Thomas v. State, 611 So.2d 416, 418 (Ala.Cr.App.), cert. denied, 611 So.2d 420 (Ala.1992) (citations omitted). However, the prosecution did not question the veniremembers about prior criminal convictions during voir dire examination, and the record does not contain any mention of the veniremembers’ prior convictions. The trial court cannot accept “at face value the State’s ostensibly facially neutral explanations for the use of its peremptory challenges.” Ex parte Thomas, 601 So.2d 56, 58 (Ala.1992). In Thomas, the Alabama Supreme Court held that the trial court improperly denied the defendant’s Batson motion because the trial court accepted at face value the prosecutor’s facially race-neutral reason for striking the veniremembers. In so doing, the supreme court explained that, if the prosecutor had questioned the veniremembers about their prior criminal convictions, or if the trial court had ordered the prosecutor to produce the records that documented the veniremembers’ criminal convictions or had examined the document that the prosecutor relied upon in making his peremptory challenges, it might have been in a position to affirm. Ex parte Thomas, 601 So.2d at 58-59. See also Bush v. State, 615 So.2d 137 (Ala.Cr.App.1992); King v. State, 612 So.2d 1333 (Ala.Cr.App.1992); Williams v. State, 620 So.2d 82 (Ala.Cr. App.1992).
In this case, the prosecution did not question the veniremembers during voir dire about their prior criminal convictions *1146 or histories; the trial court did not order the prosecution to produce any evidence of the basis for its peremptory challenges; and the trial court did not examine the evidence relied upon by the prosecution. Because it accepted at face value the prosecution’s facially neutral explanations for its peremptory challenges, the trial court did not ensure that the prosecution exercised its peremptory challenges in a race-neutral manner. Accordingly, we remand this case with instructions that the trial court hold a hearing to determine whether the prosecution exercised its peremptory challenges in a racially neutral manner. Because the prosecutor has already given facially neutral explanations for its strikes, the trial court must simply determine whether the evidence relied upon by the prosecutor substantiated the prosecutor’s explanations. We do not hold that the appellant has the right to examine the evidence relied on by the prosecution. Instead, the trial court shall examine that evidence and shall make specific, written findings of fact as to whether the evidence substantiates the prosecutor’s explanations. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include written findings of fact, conclusions of law, and a transcript of the proceedings, if applicable. We reserve ruling on the other issues raised on appeal until a proper return to remand is made to this court.
REMANDED WITH INSTRUCTIONS. 
McMILLAN and BROWN, JJ., concur.
LONG, P.J., concurs in the result.
COBB, J., dissents.